NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDWARD and LEEANNE LEE on behalf of their minor son E.L., | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 06-CV-4634 (DMC) |
| LENAPE VALLEY REGIONAL BOARD OF EDUCATION, and DOUGLAS deMARRAIS sued in his official and personal capacity, |  |
| Defendants. |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants, Lenape Valley Regional Board of Education ("Board") and Douglas deMarrais, Principal of Lenape Valley Regional High School ("Defendants") for reconsideration pursuant to L. Civ. R. 7.1(i). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion for reconsideration pursuant to L. Civ. R. 7.1(i) is **denied**.

**I.    BACKGROUND**

At the age of fourteen during the fall of his freshman year, E. L.[1] transferred from Newton

---

[1] Any persons referred to in this Opinion who were underage at the time of the incidents herein discussed are referred to by their initials.

High School to Lenape Valley Regional High School ("Lenape"). E.L. is bi-racial, his father is African American and his mother is Caucasian. Almost immediately after enrolling at Lenape, E.L. and his parents report that E.L. was subjected to racial slurs and discrimination. E.L., who was already known to have behavioral problems, responded to the incidents of racism negatively. In an effort to manage E.L.'s behavior Lenape instituted disciplinary measures against E.L. on several occasions. Ultimately, E.L. was told he had to leave Lenape and that he could never return. Throughout E.L.'s time at Lenape incidents of racism persisted.

## II.    STANDARD OF REVIEW

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i). Local Rule 7.1(i) provides that a party may file a motion for reconsideration "within ten (10) business days after entry of the Order or Judgment on the original motion by the Judge or Magistrate Judge." A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by a court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is

not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990).

### III.     DISCUSSION

#### A.     Defendants' Motion For Reconsideration

Defendants raise three arguments in support of their motion for reconsideration. First, Defendants argue that Plaintiffs failed to plead intentional discrimination for any of their federal causes of action. Defendants made this exact argument in their motion for summary judgement. As detailed above, Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham, 820 F. Supp. at 856. Because Defendants made this exact argument, and cited the same propositions of law in their summary judgment motion, the Court will not address the merits of Defendants' intentional discrimination argument here beyond finding that it does not provide justification for reconsideration.

Second, Defendants argue that Plaintiffs have not exhausted their administrative remedies. Defendants contend that the Court committed clear error because it did not require Plaintiffs to do so. Again this is an argument made by Defendants in their summary judgment motion. In its Opinion addressing Defendants' summary judgment motion the Court provided a detailed discussion of the reasons why Defendants' exhaustion argument did not compel granting summary judgment. As detailed above, it is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan

Ass'n, 744 F. Supp. at 1314.  Accordingly, this argument does not compel the Court to reconsider its original decision.

Lastly, Defendants argue that Plaintiffs cannot substantiate their New Jersey Civil Rights Act claim ("NJCRA") because Plaintiffs have not established that E.L. was deprived of a civil right.  Defendants argument is based on their belief that Plaintiffs due process and equal protection claims should be dismissed.  Because the Court has not dismissed Plaintiffs' civil rights claims, these claims cause Plaintiffs' NJCRA claim to remain viable.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendant's motion for reconsideration pursuant to Fed. R. Civ. P. 7.1(i) is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
 Dennis M. Cavanaugh, U.S.D.J.

Date:           August  26 , 2009
Orig.:          Clerk
cc:             All Counsel of Record
                Hon. Mark Falk, U.S.M.J.
                File

4